## 18995. KIMBELL *v.* JACKSON NATIONAL BANK.

. DECIDED FEBRUARY 6, 1929.

*C. L. Redman,* for plaintiff in error. *W. E. Watkins,* contra.

JENKINS, P. J. This was a suit by the Jackson National Bank against Kimbell as surety on a note made to the bank by O. J. Martin and T. F. Martin. O. J. Martin died after the execution of the note, and Kimbell was administrator on his estate at the time he indorsed the instrument. The defendant pleaded that his indorsement as secured lacked consideration. On the trial of the case the judge directed a verdict in favor of the plaintiff. There appears to be a conflict in the testimony between the cashier of the plaintiff bank and the defendant. According to the testimony

of the defendant, he signed the note as surety because the bank had illegally held up a check drawn by him as administrator on the plaintiff bank, against funds deposited by him·as administrator, because the administrator's intestate was a debtor to the bank, and the indorsement by the person acting as the decedent's administrator was made for the purpose of releasing the funds represented by the check. According to the testimony of the cashier, the defendant signed the note at the cashier's suggestion, upon its being represented by the defendant that the assets of the estate of O. J. Martin would be sufficient to provide for the payment of the note sued on, in order that the bank might be relieved of looking to the makers of the note, and could thus permit the defendant as administrator to pay it whenever he succeeded in winding up the affairs of the estate. The plaintiff contends that such an agreement afforded a consideration for the indorsement of Kimbell, in that the bank, relying upon this agreement and understanding, looked exclusively to Kimbell for payment, and failed to make any demand or take any action against the administrator, who has since become discharged, or against the comaker of the note, who has since become discharged in bankruptcy.

Under the testimony of the defendant, his indorsement as security was without any sort of valid consideration, since it was not an original indorsement, and the transaction as entered upon did not inure in a legal sense either to the benefit of the defendant or to the detriment of the plaintiff. What the plaintiff then contended, as sworn to by the defendant, as to why the payment of the check was withheld, could not, in a legal sense, have afforded the basis of any bona fide claim on plaintiff's part. *Alfred Struck Co.* v. *Slicer,* 23 *Ga. App.* 52, 55 (97 S. E. 455). Accordingly, the court erred in directing a verdict in favor of the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*